By the Court, Nelson, Ch. J.
Miller' was not a party to ■the record at the time he was sworn, and this ground of objection therefore fails. After his discharge under the bankrupt law, and the entry of a nolle prosequi as to him, he stood in the same position as if he had never been made a defendant.(a)
Was he incompetent on the ground of interest ? It was contended on the argument that he would be liable over to his alleged copartners, by way of contribution, in the event of their being compelled to pay the plaintiffs’ demand, and that he was therefore interested. The 4th and 5th sections of the bankrupt act, however, are decisive against this view of the case. (Bankrupt Act of August 19th, 1841.)
By the 4th section it is declared that the bankrupt’s discharge and certificate “ shall be deemed a full and complete discharge of all debts, contracts and other engagements” provable under the act. The 5th section provides that “ all creditors whose debts are not due and payable until a future day, and all annuitants &c., sureties, endorsers, bail, or other persons, having uncertain or contingent demands against such bankrupt, shall be permitted to come in and prove 8¡°c.; and shall have a right, when their debts or claims become absolute, to have the same allowed them Spc.; and no creditor or other person, coming in and proving his debt or other claim, shall be allowed to maintain any suit at law or in equity therefor,” &c.
*585 The English bankrupt act, 49 Geo. 3, c. 121, § 8, now comprised in 6 Geo. 4, c. 16, § 52, differs from our own as to the rights and condition of sureties, and persons standing in that relation to the bankrupt; as they are not permitted to pome in and prove their demands until the whole has been actually paid or discharged. (Eden On Bankr. 158, 177.) According to our act, however, they may come in and prove at the usual time, and thus acquire a right, when their debts or claims becomes absolute, to have the same allowed them.
Under the English act, solvent partners of the bankrupt, having paid all the joint debts of the firm, are regarded as standing in the light of sureties or persons liable for him, and therefore entitled to come in and prove in respect to the bankrupt’s share of the partnership debts. (Eden On Bankr. 177, and the cases there cited) They doubtless stand in the same relation under our act; and consequently, by the express terms of the 5th section, the solvent partners here had the right to come in and prove, in respect to Miller’s share of the indebtedness, upon showing simply that they stood liable for payment.
If we are correct in this view of the matter, then it follows that Miller could in no event be made liable to the present defendants. For if they might have proved, in respect to his share of the indebtedness, they were bound to do so ; and his certificate and discharge constitute a bar to any action by them for contribution. (Aflalo v. Fourdrinier, 6 Bing. 306.)
In the case cited, the bankrupt partner released all interest in the. surplus of his effects, and he was held a competent witness for his copartners. Without a release of this character, Miller is interested in defeating a recovery for the debt in question ; for he would thereby diminish the claims upon his joint and separate property, and thus increase the surplus,'if any, which might arise in winding up the estate. No such release was given, and on this ground a new trial must be granted.
New trial granted.

 See Aflata v. Fourdrinier, (6 Bing. 306.)